## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PRIMERICA LIFE                )
INSURANCE COMPANY,            )
                             )
   Plaintiff,            )
                             )
v.                           )
                             )  **Case No. 18-cv-2469-CM-KGG**
BARBARA FRANTZ AND PATRICK C. )
FRANTZ,                       )
                             )
   Defendant.           )
_____)

## MEMORANDUM AND ORDER

  This matter comes before the court on interpleader-plaintiff Primerica Life Insurance Company's motion for attorney's fees. (Doc. 22.) In its order dated March 6, 2019, the court previously determined that plaintiff is entitled to recover reasonable costs and fees from the interpleaded fund, provided that plaintiff submit a particularized request showing compliance with the procedures outlined in Federal Rules of Civil Procedure 54 and D. Kan. 54.2. (Doc. 17, at 8.) Having concluded that plaintiff has followed those procedures and presented a reasonable request, the court grants plaintiff's motion for attorney's fees and costs.

### I.  Factual Background

  Plaintiff filed this interpleader action to facilitate the proper distribution of a $150,000 life insurance policy benefit to either Barbara or Patrick Frantz. (Doc. 1.) Plaintiff subsequently filed a motion to deposit the policy amount into the court's registry. (Doc. 13.) In this motion, plaintiff also requested: dismissal from the action, a permanent injunction against defendants preventing them from pursuing any further action on the policy against it, and reimbursement for its reasonable attorney's fees and costs for bringing this interpleader action. (*Id.*) The court granted plaintiff's motion to deposit the

funds. (Doc. 17.) With respect to plaintiff's other requests, the court concluded that plaintiff was entitled to reasonable attorney's fees and costs but reserved ordering any such award until plaintiff properly filed a motion under Fed. R. Civ. P 54 and D. Kan. Rule 54.2. (*Id.* at 8.) The court also noted that upon proof of deposit of the $150,000 and resolution of its request for attorney's fees, the court would dismiss plaintiff and issue an injunction preventing defendants from taking further action against plaintiff on the policy. (*Id.*)

Plaintiff properly deposited the policy amount in the court's registry on May 23, 2019. (Doc. 18). The court then allowed plaintiff until July 18, 2019, to move for its reasonable attorney's fees and costs (Doc. 21.) Plaintiff met that deadline with the instant motion, which it supports by offering (1) email correspondence between its counsel and defendant Patrick Frantz's counsel concerning the dispute over attorney's fees and (2) an affidavit from plaintiff's counsel detailing legal fees. (Doc. 22–1.) The emails took place from January 25, 2019 to February 6, 2019, and the parties were unable to agree about plaintiff's entitlement to attorney's fees and costs. (*Id.*) Plaintiff's counsel submits that plaintiff incurred $4,104.50 in attorney's fees for 26.40 hours of work, in addition to $760.26 in costs, for a total of $4,864.76 in attorney's fees and costs. (*Id.*)

## II.    Legal Standard

Both the Federal Rules of Civil Procedure and the Local Rules for the District of Kansas set out requirements for a party's motion for attorney's fees. Under Fed. R. Civ. P. 54(d), the motion must:

  (i)   be filed no later than 14 days after the entry of judgment;

  (ii)  specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

  (iii) state the amount sought or provide a fair estimate of it; and

  (iv)  disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made

Fed. R. Civ. P. 54(d)(2)(B). A statute or court order can vary these requirements if provided therein. *Id.*

The Local Rules impose additional requirements for motions for attorney's fees, most of which relate to consultation with the other party. Consultation with the other party is required before the court will consider a motion for attorney's fees. D. Kan. Rule 54.2(a). When the parties disagree about the award of attorney's fees after such consultation, the moving party must file, within 30 days of filing its motion, both a statement of consultation and a memorandum setting forth the factual basis for an award. D. Kan. Rule 54.2(c). The statement of consultation must note the date of the consultation, the names of the participants, and the results. D. Kan. Rule 54.2(d). The memorandum in support of the party's motion for attorney's fees "must be supported by time records, affidavits, or other evidence." D. Kan. Rule 54.2(e).

## III.    Discussion

Plaintiff has complied with the procedures outlined in Fed. R. Civ. P. 54 and D. Kan. Rule 54.2.[1] Plaintiff's motion was timely, specified its entitlement to relief under the court's order, and stated the exact amount sought. Plaintiff incorporated the substantive arguments detailing its entitlement to relief by referencing its email correspondence with defendant Patrick Frantz's counsel and its motion for interpleader relief.

Further, consistent with the local rules' requirement for a consultation, plaintiff included a statement of consultation that detailed the dates of consultation, the names of the participants, and the ultimate disagreement about plaintiff's entitlement to attorney's fees. Plaintiff supported this with the

---

[1] When ordering plaintiff to submit a particularized request for its fees and costs, the court directed plaintiff only to the procedures outlined in D. Kan. 54.2. (Doc. 17, at 8.) That procedure relates to attorney's fees only. To recover costs, the court should have directed plaintiff also to comply with D. Kan. 54.1. Compliance with D. Kan. 54.1 would have required plaintiff to "file a bill of costs on a form provided by the clerk," along with a memorandum in support which, among other requirements, itemizes and describes the claimed costs. Here, plaintiff simply submits a sworn statement that it incurred "$760.26 in costs in this matter, including a $400 filing fee, service costs including multiple attempts at serving Defendant Patrick Frantz over the course of three months, and copying charges." (Doc. 22-1, at 2.) To be clear, D. Kan. 54.1 requires more. The court, however, determines in its discretion that ordering full compliance with D. Kan. 54.1 would, in this case's circumstances, only work to further deplete the interpleaded fund. Accordingly, the court approves plaintiff's request notwithstanding imperfect adherence to D. Kan. 54.1.

relevant emails that comprised the consultation. Finally, plaintiff submitted an affidavit to support its calculation of its attorney's fees and costs. Plaintiff has complied with every procedure required under both the Federal Rules and the local rules. And the court finds that plaintiff requests a reasonable and fair amount for its expended efforts in bringing this interpleader action.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reasonable attorney's fees and costs (Doc. 22) is granted. The court will award plaintiff $4,864.76, payable from the funds on deposit in the court registry.

**IT IS FURTHER ORDERED** that plaintiff is dismissed with prejudice from this action.

**IT IS FURTHER ORDERED** that defendants are permanently enjoined from taking further action against plaintiff on the policy in question.

Dated October 15, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**