IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. FRANTZ,

    Cross Claimant,

v.                                                                        Case No. 18-2469-JWB

BARBARA FRANTZ,

    Cross Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Cross Claimant Patrick Frantz's motion for summary judgment (Doc. 34.) The motion is fully briefed and ripe for decision. (Docs. 36, 39, 42.) For the reasons stated herein, Patrick's motion is GRANTED.

**I.**     **Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006). The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim. *Thom v. Bristol—Myers Squibb Co*., 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Conclusory allegations are not sufficient to create a dispute as to an issue of material fact. *See*

1

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Summary judgment may be granted if the non-moving party's evidence is merely colorable or not significantly probative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir.1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

## II.   Background

This is an interpleader action filed by Plaintiff Primerica Life Insurance Company ("Primerica") regarding a $150,000 life insurance policy (the "policy") purchased in 1995 by Gary Frantz ("Gary") who is now deceased. (Doc. 36 at 1, 3.) At that time, Gary listed his spouse, Defendant Barbara Frantz ("Barbara") as the primary beneficiary. Defendant Patrick Frantz ("Patrick") is Gary and Barbara's only living child and was named as the contingent beneficiary. Primerica filed this action due to potential competing claims on the policy from Barbara and Patrick. Patrick now moves for summary judgment seeking a declaration that he is the proper beneficiary of the life insurance proceeds that were paid into the court. The facts set forth herein are undisputed or viewed in a light most favorable to Barbara as the nonmoving party.

In 2016, Gary and Barbara legally separated. (*Id*. at 3.) As part of that separation agreement, Barbara agreed to continue paying on the life insurance policy and would remain the primary beneficiary of the policy. (*Id*.) On January 27, 2017, Gary was murdered. (*Id*. at 1.) On

March 24, 2017, Barbara submitted her claim to the policy proceeds from Primerica. (*Id*. at 2.) Subsequently, Barbara was charged with and convicted of first-degree premeditated murder of Gary and was sentenced to life imprisonment on July 14, 2020. (*Id*.) Barbara's motion for a new trial was denied by the state trial court. (Doc. 42 at 5.) Barbara has filed an appeal of her murder conviction but has yet to file her appellate brief. (Doc. 36 at 2.)

Primerica filed this interpleader action on August 30, 2018 to address the competing claims that Barbara or Patrick could assert for payment of the policy. (Doc. 1.) On December 17, 2018, Patrick filed an answer and asserted a crossclaim against Barbara. In that crossclaim, Patrick asserts that Barbara is barred from receiving the proceeds under the policy because she was convicted of murdering Gary and seeks a declaration from this court that Patrick is the sole beneficiary of the policy. (Doc. 9 at 4.) On March 6, 2019, the court granted Primerica's "Motion to Deposit Policy Benefit into the Court's Registry and for Interpleader Relief" and the funds from the policy were deposited into the court's registry. (Doc. 17.) Primerica was also granted interpleader relief—discharging it of further liability and dismissing it from the action. (*Id*.) In Barbara's answer, she asks the court to hold the funds until her criminal appeal is exhausted and claims that Patrick is the actual perpetrator in Gary's murder. (Doc. 12.)

On November 13, 2020, Patrick moved for summary judgment asking the court to grant judgment on his crossclaim and find him the sole beneficiary of the life insurance policy on the life of Gary. (Doc. 34.) In her response, Barbara argues her innocence and belief that Patrick is actually the murderer. (Doc. 39 at Ex. A.) Barbara asserts she viewed body camera footage showing Gary say "[his] boy" shot him and that her criminal defense attorneys learned Patrick lied under oath about his alibi. (*Id*.) However, Barbara's assertions are supported only by her self-serving affidavit. Barbara has not submitted the body camera video as an exhibit. As Patrick

3

argues, and this court agrees, Barbara's allegations lack proper evidentiary foundation. D. Kan. R. 56.1(d) ("Where facts referred to in an affidavit or declaration are contained in another document . . . a copy of the relevant excerpt from the document must be attached.") Accordingly, Barbara's improper statements are insufficient to create a genuine factual dispute and are disregarded by the court.

### III. Discussion

Patrick argues that K.S.A. § 59-513 precludes Barbara from receiving any benefit under Gary's life insurance policy. Barbara asserts summary judgment is improper because: (1) there is a factual dispute concerning the identity of Gary's murderer and (2) she has not yet exhausted her criminal appeals. (Doc. 39 at 6.) The Kansas slayer statute provides:

> No person convicted of feloniously killing, or procuring the killing of, another person shall inherit or take by will by intestate succession, as a surviving joint tenant, as a beneficiary under a trust or otherwise from such other person any portion of the estate or property in which the decedent had an interest. When any person kills or causes the killing of such person's spouse, and then takes such person's own life, the estates and property of both persons shall be disposed of as if their deaths were simultaneous pursuant to the provisions of K.S.A. 58-708 to 58-718, inclusive, and amendments thereto.

K.S.A. § 59-513. Importantly, the Kansas Supreme Court has adopted "the common-law rule . . . which bars the beneficiary of a life insurance policy who feloniously kills the insured from recovering under the policy whether convicted or not." *Harper v. Prudential Ins. Co. of America*, 233 Kan. 358, 367, 662 P.2d 1264, 1271 (1983). However, the slayer statute is still "applicable in situations where there has actually been a conviction of the beneficiary and bars him from recovering under an insurance policy." *Id*.

As discussed above, Barbara has failed to create a genuine factual dispute concerning the murderer's identity. A jury of Barbara's peers found her guilty beyond a reasonable doubt of first-degree murder. Despite this, Barbara argues the court should wait until after her appeals are

4

completely exhausted before dispersing the money.  (Doc. 39 at 5.)  While the statute does not specify when a conviction absolutely triggers the prohibition, Judge Vratil found "states with similar statutes have specified that a 'final judgment' of a murder conviction is conclusive under such statutes."  *New York Life Ins. Co. v. Boorigie*, No. 00-2412-KHV, 2002 WL 31571317, at 3* (D. Kan. Nov. 15, 2002).  With a sentence of life imprisonment, it comes as no surprise that post-conviction motions and appeals will follow over an extended period of time.  However, given the circumstances, the court sees no reason to put an indefinite hold on the policy funds solely because Barbara claims in an affidavit she is innocent.  There is no genuine dispute of guilt before the court.  Instead, there has already been a jury trial with a conviction, which Barbara tried and failed to overturn with a motion for a new trial.  This renders Barbara unable to collect on the life insurance policy.  K.S.A. § 59-513.  Accordingly, Patrick, as the contingent beneficiary, is entitled to the life insurance proceeds.

## IV. Conclusion

Based on the foregoing, Patrick's motion for summary judgment is GRANTED.  (Doc. 34.)  The clerk is directed to enter judgment in favor of Patrick Frantz on his crossclaim.

IT IS SO ORDERED this 7th day of May, 2021.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE